1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID T. CHUBBUCK,

11            Plaintiff,                    No. CIV S-04-1748 MCE DAD P

12      vs.

13   THE CDC:  HIGH DESERT STATE
     PRISON, et al.,

14

             Defendants.            ORDER
15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed a complaint seeking relief

17   under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

18   U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance

19   with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

20        Pursuant to the court's initial order in this action, plaintiff filed a new in forma

21   pauperis application on a proper form.  The new application makes the showing required by 28

22   U.S.C. § 1915(a).  Plaintiff's request for leave to proceed in forma pauperis will be granted.

23        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  See

24   28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) and 1915(b)(1).  An initial partial

25   filing fee of $18.11 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate

26   order, the court will direct the appropriate agency to collect the initial partial filing fee from

1

1   plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be

2   obligated for monthly payments of twenty percent of the preceding month's income credited to

3   his prison trust account.  These payments will be forwarded by the appropriate agency to the

4   Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee

5   is paid in full.  See 28 U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be

10  granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

11  § 1915A(b)(1) and (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint may be dismissed for failure to state a claim upon which relief may

20  be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

21  claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73

22  (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In

23  reviewing a complaint under this standard, the court accepts as true the allegations of the

24  complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court

25  also construes the pleading in the light most favorable to the plaintiff and resolves all doubts in

26  the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1      The Civil Rights Act under which this action was filed provides as follows:

2      Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
3      deprivation of any rights, privileges, or immunities secured by the
       Constitution . . . shall be liable to the party injured in an action at
4      law, suit in equity, or other proper proceeding for redress.

5   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8   (1976).

9           "A person 'subjects' another to the deprivation of a constitutional right, within the

10  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11  omits to perform an act which he is legally required to do that causes the deprivation of which

12  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

13  personnel are generally not liable under § 1983 for the actions of their employees under a theory

14  of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

15  causal link between him and the claimed constitutional violation must be specifically alleged.

16  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

17  (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official

18  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

19  266, 268 (9th Cir. 1982).

20          Under the Federal Rules of Civil Procedure, a complaint must contain "a short and

21  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

22  8(a)(2).  Each allegation of the pleading must be "simple, concise, and direct." Fed. R. Civ. P.

23  8(e)(1).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide

24  each defendant with fair notice of the claims alleged against him or her and must contain factual

25  allegations that state the elements of each claim plainly and succinctly.  Jones v. Community

26  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

In the present case, plaintiff has submitted a voluminous pleading in multiple parts. The first part of plaintiff's pleading is a three-page form complaint that contains virtually no information. The caption on the first page identifies the defendants as "THE CDC: HIGH DESERT STATE PRISON et al." In the section of the form in which the plaintiff is required to identify each defendant by name, official position, and place of employment, plaintiff identifies the first defendant as "THE CDC et al." and the remaining defendants as "HIGH DESERT STATE PRISON et al." In the sections of the complaint intended for a short and plain statement of claim and a brief statement of relief sought, plaintiff has entered "SEE ATTACHED COMPLAINT." The document filed by the Clerk of the Court as plaintiff's complaint has no attachment.

Along with the form complaint, plaintiff submitted a letter stating that he has "a complaint that is coming to you in a box, weighing roughly 23 lbs." The Clerk of the Court received and filed a voluminous document, approximately four inches thick, with a cover page titled "Intentional Impediment of Exhaustion of Administrative Remedies" and subtitled "Supplement Complaint Retaliation." The cover page for this document is followed by six pages that seem to constitute plaintiff's statement of claim and request for relief. In these six pages, plaintiff asserts that his complaint involves intentional impediment of exhaustion by the appeals coordinator at California Medical Facility ("CMF"), where plaintiff was confined when he filed this action. Plaintiff claims "due process violations, which further led to retaliati[o]n resting upon Eighth Amendment claims." Plaintiff identifies M. Cry as the sole defendant. Citing the First and Fourteenth Amendments, plaintiff alleges that defendant Cry intentionally violated plaintiff's right of access to the courts.

In support of his claims against defendant Cry, plaintiff describes an inmate appeal he submitted on April 5, 2004, raising medical issues as well as misconduct by defendant Cry. Plaintiff alleges that during an interview with defendant Cry on February 6, 2004, regarding a previously filed inmate appeal, he mentioned the new grievance he was filing against defendant

Cry, whereupon the defendant "verbally threatened and assaulted" plaintiff and told him to leave the office.  Plaintiff alleges that defendant Cry did not respond to his appeal and "rendered this appeal 'unavailable' by time barring plaintiff from this claim."  Plaintiff contends that defendant Cry violated federal and state rights by preventing plaintiff from exhausting his claims, as required by the PLRA.  Plaintiff claims that defendant Cry's actions show that there is a departmental practice, policy, and custom of shielding prison officials.  Plaintiff also contends that his allegations establish retaliation.  Plaintiff concludes that defendant Cry should be held accountable because, as a result of defendant Cry's actions, plaintiff's state tort claim was denied.  Plaintiff seeks unidentified judicial relief.

Further review of plaintiff's voluminous submission reveals that plaintiff has additional claims against other defendants.  The six pages described in the preceding paragraphs are followed by yet another cover page, this one titled "Complaint," followed by a topical index containing 27 entries, one of which is also "Complaint."  No page numbers are included in the index, and the topics listed in the index seem to be unrelated to the materials that follow.  Among those materials, however, is a 45-page document titled "Opening Brief."  In this brief, plaintiff asserts that "this action involves the High Desert State Prison Officials, acting in their official capacity, intentionally denying plaintiff medical emergency treatment."

In support of his claims against High Desert defendants, plaintiff lists fifteen defendants, approximately half of whom are medical staff.  Plaintiff alleges, in part, as follows: he had a cerebrovascular accident, or stroke, on July 13, 2000, at High Desert and was admitted to the infirmary; from July 13, 2000, to August 3, 2000, the defendants, both medical and correctional, subjected him to brutal neglect of his serious medical condition because Dr. Sandham believed plaintiff was malingering; staff left plaintiff to defecate and urinate on himself, placed his food trays outside his reach and told him he had to get up from his bed to get them or starve, turned on the light in his room at all hours and told him to get up and turn it off if he wanted to sleep, and taunted and made fun of him for smelling bad, causing him to suffer both

1  physical and psychological trauma; plaintiff was taken to a Lassen County hospital for an MRI

2  on July 21, 2000, after another inmate called an attorney for plaintiff and the attorney threatened

3  legal action if plaintiff was not taken to a facility where he could be given an MRI; High Desert

4  staff received confirmation on July 31, 2000, that plaintiff had suffered a cerebrovascular

5  accident; on August 3, 2000, the chief medical officers at High Desert and CMF agreed to

6  plaintiff's immediate transfer to the medical facility due to the seriousness of his medical need.

7  Plaintiff seeks compensatory and punitive damages.

8          It appears that plaintiff's claims against defendant Cry at CMF arose from

9  plaintiff's attempt in 2004 to exhaust administrative remedies on the events that occurred at High

10 Desert in 2000.  Plaintiff has not alleged that he attempted to pursue the claims against High

11 Desert defendants in any court and was precluded from doing so due to failure to exhaust

12 available administrative remedies prior to bringing the action.  Although plaintiff has alleged that

13 his state tort claim was denied, his exhibits show that consideration of his tort claim was deferred

14 because plaintiff had not yet attempted to exhaust administrative remedies.  Upon receipt of

15 plaintiff's state tort claim dated February 2, 2004, the Board informed plaintiff of the exhaustion

16 requirement and indicated that his tort claim would be processed after he completed the inmate

17 appeal process and provided a copy of the final administrative decision on his appeal.  Plaintiff's

18 exhibits show that he submitted his inmate appeal on February 3, 2004, the day after he

19 submitted his state tort claim, and that defendant Cry rejected the inmate appeal on February 4,

20 2004, because the time for submitting an appeal regarding medical services in 2000 had expired.

21 The court is unable to find any exhibit showing that plaintiff took further steps to exhaust his

22 administrative remedies or pursue his state tort claim.

23          While the right of access to the courts is well established, an inmate who alleges

24 interference with his right of access to the courts must also allege actual injury.  Lewis v. Casey,

25 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Vandelft v. Moses, 31

26 F.3d 794, 796 (9th Cir. 1994).  "Actual injury" means a "specific instance in which an inmate

1  was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

2  In the present case Plaintiff has not alleged an actual injury to his right of access to any court.

3  Accordingly, the court finds that plaintiff's allegations against defendant Cry fail to state a

4  cognizable claim of denial of the right of access to the courts.[1]

5            The Eighth Amendment imposes on prison officials a duty to provide humane

6  conditions of confinement. Wilson v. Seiter, 501 U.S. 294, 303 (1991); Hudson v. Palmer, 468

7  U.S. 517, 526-27 (1984). While the "unnecessary and wanton infliction of pain" constitutes

8  cruel and unusual punishment, "[i]t is obduracy and wantonness, not inadvertence or error in

9  good faith," that characterize the forbidden conduct. Whitley v. Albers, 475 U.S. 312, 319

10  (1986). To state an Eighth Amendment violation, a plaintiff must allege facts showing that

11  objectively he suffered a sufficiently serious deprivation at the hands of a defendant and that

12  subjectively the defendant had a culpable state of mind in causing the deprivation to occur.

13  Wilson, 501 U.S. at 298-99. Mere verbal abuse and disrespect do not violate the Eighth

14  Amendment proscription against cruel and unusual punishment. Gaut v. Sunn, 810 F.2d 923,

15  925 (9th Cir. 1987); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). The court finds

16  that plaintiff's allegations against defendant Cry fail to state an Eighth Amendment claim.

17            Prisoners may not be retaliated against for exercising their First Amendment right

18  of access to the courts or their broader right to petition the government for redress of grievances.

19  Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461

20  (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Retaliation

21  by a state employee for a prisoner's exercise of a constitutional right is actionable under § 1983,

22  even if the acts, when taken for different reasons, would have been proper. Mt. Healthy City Bd.

23  of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). To state a retaliation claim, a prisoner must

24

25            [1] Plaintiff may present his arguments concerning exhaustion of administrative remedies
      at a later time if the High Desert defendants seek to dismiss plaintiff's Eighth Amendment claims
      on the ground that plaintiff failed to exhaust available administrative remedies on those claims

26  before bringing this action.

1  allege facts showing that he was retaliated against for exercising a constitutional right and that

2  retaliation was a substantial or motivating factor for the defendant's acts or conduct.  429 U.S. at

3  285-87.  See also Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989).  The

4  prisoner must also allege facts showing that the defendant's retaliatory action did not advance

5  legitimate penological goals, such as preserving institutional order and discipline.  Pratt v.

6  Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994);

7  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  The court finds that plaintiff's allegations

8  against defendant Cry fail to state a retaliation claim.

9          Plaintiff's allegations against the High Desert defendants appear to state

10  cognizable Eighth Amendment claims against some defendants with regard to plaintiff's serious

11  medical needs between July 13, 2000, and August 3, 2000.  However, plaintiff has not presented

12  his medical claims in a complaint that meets the requirements of Rule 8 of the Federal Rules of

13  Civil Procedure.  The voluminous and fragmented pleading does not contain a short and plain

14  statement of the claims, and the pleading is far from "simple, concise, and direct."  As presented,

15  the complaint does not provide each defendant with fair notice of the claims alleged against him

16  or her.  Accordingly, plaintiff's complaint will be dismissed with leave to amend.

17          Plaintiff must present his amended complaint on a form.  He must complete all

18  sections of the form.  Plaintiff may attach continuation pages as needed but may not attach a

19  separate document that purports to be his amended complaint.  The defective claims against

20  defendant Cry should not be included in the amended complaint.  In order to make a short and

21  plain statement of claims against the High Desert defendants, plaintiff should include the factual

22  allegations now found in his brief and should identify the rights violated by the defendant's

23  conduct, but should not include legal briefing or analysis.  The court will screen the amended

24  complaint to determine whether it contains factual allegations linking each defendant to the

25  alleged violations of plaintiff's rights.  The court will not authorize service of the amended

26  complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

1  Although the court will not preclude plaintiff from attaching exhibits to his

2  amended complaint, plaintiff is cautioned that he should attach only documents that are

3  specifically referenced in the amended complaint.  At the pleading stage, a party is not required

4  to prove his claims.  Evidence should be retained for use at trial or in support of or opposition to

5  a properly filed motion.  Plaintiff should not attach exhibits in lieu of alleging facts concerning

6  each defendant's conduct.

7  Plaintiff must list the names of all defendants in the caption section on the first

8  page of the complaint form.  All defendants must also be listed on the second page of the form,

9  with each defendant's official position and place of employment identified.  Plaintiff is advised

10  that neither the State of California nor the California Department of Corrections has consented to

11  suit.  Claims for damages against state entities are legally frivolous.  In addition, state prisons are

12  not persons for purposes of § 1983.  Accordingly, plaintiff's amended complaint should not

13  identify as a defendant any state agency or prison.  Plaintiff may not name "The CDC et al." and

14  "High Desert State Prison et al." as defendants.[2]

15  The court cannot direct the United States Marshal to serve plaintiff's amended

16  complaint on any defendant identified only by first name or job description.  Plaintiff may be

17  able to discover the names of some defendants by reviewing his medical file.  If he is unable to

18  discover any names at this time, he may still include the defendants in his amended complaint but

19  must seek to discover their names and then move to amend his complaint to name them.

20  Plaintiff is cautioned that the court will not refer to his initial pleading in order to

21  find information not included in the amended complaint.  Every amended complaint must be

22  complete in itself without reference to prior pleadings.  Local Rule 15-220.  Plaintiff's amended

23

24     [2] Plaintiff is informed that the Latin phrase "et al." means "and other persons."  Plaintiff
may not use this phrase in the caption of his amended complaint or in his identification of the
25  defendants on the second page of the amended complaint.  In subsequent filings, the caption may
be abbreviated to the first named defendant in the amended complaint, followed by the phrase "et
26  al."

complaint will supersede his original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in the amended complaint, as if it were the initial complaint filed in this action, each claim and the involvement of each defendant must be sufficiently alleged.

In reviewing the file, the court finds that plaintiff recently submitted a supplement to his complaint.  This filing concerns current conditions of confinement at Pleasant Valley State Prison, where plaintiff is now housed.  Plaintiff is advised that he may not supplement or amend his complaint to allege any claims that arose after this action was filed.  If plaintiff has exhausted available administrative remedies on claims against staff at Pleasant Valley State Prison, he may litigate those claims in a new civil rights action filed in the Fresno division of this court. Plaintiff's supplemental complaint will be disregarded, and plaintiff may not incorporate the allegations of that pleading in his amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 13, 2004 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $18.11.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order.  Plaintiff's amended complaint must bear the case number assigned to this action and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's September 2, 2005 request for case status is denied as moot.

10

1        6.  Plaintiff's October 11, 2005 supplemental complaint will be disregarded.

2  DATED: December 21, 2005.

3

4                               DALE A. DROZD

                               UNITED STATES MAGISTRATE JUDGE

5  DAD:13

    chub1748.14

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26