IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID T. CHUBBUCK,

       Plaintiff,                      No. CIV S-04-1748 MCE DAD P

     vs.

THE CDC:  HIGH DESERT STATE PRISON, et al.,

       Defendants.              ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed December 21, 2005, plaintiff's complaint was dismissed with leave granted to file an amended complaint.  Subsequently, plaintiff has filed both an amended complaint as well as a second amended complaint.  The court will proceed in this action on plaintiff's most recently filed second amended complaint (Doc. No. 18).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

/////

2

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In plaintiff's original complaint, he named fifteen defendants, approximately half of whom were medical staff at High Desert State Prison ("HDSP"). The court found that plaintiff's allegations in his original complaint appeared to state cognizable Eighth Amendment claims against some of the defendants with respect to treatment of his serious medical needs between July 13, 2000, and August 3, 2000. However, plaintiff had not presented his medical claims in a complaint that met the requirements of Rule 8 of the Federal Rules of Civil Procedure. In this regard, the undersigned concluded that plaintiff's complaint was voluminous, fragmented and did not contain a short and plain statement of the claims. Because the pleading was far from "simple, concise, and direct," as presented, it did not provide each defendant with fair notice of the claims alleged against him or her.

In his second amended complaint now before the court, plaintiff has named now twenty-five defendants, including eleven John Does. Plaintiff alleges that defendants have been

deliberately indifferent to his medical needs in violation of the Eighth Amendment. Specifically, plaintiff alleges as follows. Plaintiff repeatedly requested medical assistance during his incarceration at HDSP but the defendants either did not answer his requests or ignored them. As a result of this inadequate medical care, plaintiff suffered a massive stroke. The defendants allowed him to remain in bed in his own urine and defecation for twenty-one days while they taunted him. Plaintiff was unable to speak or move, but defendants accused him of faking his illness and threatened to issue rules violation charges against him for manipulating medical staff. The defendants verbally threatened plaintiff and mentally and emotionally abused him. Only after defendants learned that plaintiff had counsel who was prepared to take action against them that they decided to schedule plaintiff for an MRI. That MRI confirmed that he had suffered a massive stroke. Subsequently, defendants arranged for his transfer by ambulance to a medical facility.

Once again, the court finds that plaintiff's allegations against the defendants appear to state cognizable Eighth Amendment claims with regards to plaintiff's serious medical needs between July 13, 2000, and August 3, 2000. However, as the court previously advised plaintiff, the court cannot authorize service of his complaint on any defendant who is not specifically linked by factual allegation to the claimed violation of his constitutional rights. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although plaintiff has broadly alleged that the defendants generally were deliberately indifferent to his medical needs, he has failed to allege with any degree of particularity overt acts which any defendant engaged in to support his claims. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), his second amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff a final opportunity to file a third amended complaint that meets the standards set forth above.

1   If plaintiff chooses to pursue this action by filing a third amended complaint, he
2   must allege in specific terms how each named defendant was involved in the deprivation of his
3   rights.  For example, plaintiff merely alleges that defendants Sandham, Beams, and Mericle
4   denied him adequate medical care.  In his third amended complaint, plaintiff must allege facts
5   specifying how each of these defendants were involved with his care  and why the care provided
6   by them was inadequate.  There can be no liability under 42 U.S.C. § 1983 unless there is some
7   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
8   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
9   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official
10  participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
11  268 (9th Cir. 1982).

12  Plaintiff is also advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the
13  U.S. Supreme Court held that inadequate medical care did not constitute cruel and unusual
14  punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate
15  indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that
16  before it can be said that a prisoner's civil rights have been abridged, "the indifference to his
17  medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice'
18  will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.
19  1980) (citing Estelle, 429 U.S. at 105-06).

20  Plaintiff is also advised that allegations of verbal harassment or abuse alone does
21  not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C. §
22  1983.  Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero, 830
23  F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a
24  constitutional deprivation under § 1983).  Even verbal conduct that constitutes a threat does not
25  rise to the level of a constitutional violation.  Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).
26  /////

Finally, plaintiff is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In his second amended complaint, plaintiff has referred to more than eleven defendants as "Unknown Person" or "John Doe." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that the court cannot order service of a complaint on defendants not actually identified by name in his third amended complaint.

Plaintiff is reminded that, under the Federal Rules of Civil Procedure, his third amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation of the pleading must be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). In order to make a short and plain statement of claims against the defendants, plaintiff should not include legal briefing or analysis.

Plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his third amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 31, 2006 second amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint";

/////

1  failure to file a third amended complaint in accordance with this order will result in a
2  recommendation that this action be dismissed without prejudice; and
3              3. The Clerk of the Court is directed to send plaintiff the court's form for filing a
4  civil rights action.
5  DATED: March 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
chub1748.14am