1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID T. CHUBBUCK,

11              Plaintiff,                    No. CIV S-04-1748 MCE DAD P

12        vs.

13   THE CDC: HIGH DESERT STATE
     PRISON, et al.,
14
                Defendants.              ORDER
15   _____/

16              Plaintiff has requested a six-month extension of time to file a third amended

17   complaint pursuant to the court's order of March 14, 2008.  Good cause appearing, plaintiff's

18   request will be granted in part.  Plaintiff will be granted thirty days from the date of this order in

19   which to file a third amended complaint.

20              Plaintiff is reminded that Rule 8(a)(2) of the Federal Rules of Civil Procedure

21   "requires only 'a short and plain statement of the claim showing that the pleader is entitled to

22   relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

23   which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964

24   (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiff is also advised that he has

25   an obligation to diligently prosecute this case.  If plaintiff no longer wishes to proceed with this

26   /////

                                            1

1 matter at this time, he should file a request to dismiss this action without prejudice pursuant to

2 Rule 41(a) of the Federal Rules of Civil Procedure.

3          Plaintiff has also requested appointment of counsel.  The United States Supreme

4 Court has ruled that district courts lack authority to require counsel to represent indigent

5 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

6 certain exceptional circumstances, the district court may request the voluntary assistance of

7 counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9          The test for exceptional circumstances requires the court to evaluate the plaintiff's

10 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

11 light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

12 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

13 common to most prisoners, such as lack of legal education and limited law library access, do not

14 establish exceptional circumstances that would warrant a request for voluntary assistance of

15 counsel.  In the present case, the court does not find the required exceptional circumstances.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1.  Plaintiff's April 28, 2008 request for an extension of time is granted in part;

18          2.  Plaintiff is granted thirty days from the date of this order in which to file a third

19 amended complaint; and

20          3.  Plaintiff's April 28, 2008 request for appointment of counsel is denied.

21 DATED: May 6, 2008.

22

23

24          DALE A. DROZD
            UNITED STATES MAGISTRATE JUDGE

25 DAD:9:ak
   chub1748.36+31

26

2